**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3:17-CR-32-001(CAR) |
| **CHAUNCEY BRANTLEY** | |

**ORDER ON MOTION FOR REDUCTION IN SENTENCE**
**UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

On November 22, 2024, defendant Chauncey Brantley moved the Court for First Step Act (FSA) Time Credits. Brantley's pro se motion for consideration of FSA credits is liberally construed and taken into consideration as a motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), based on his motion's reference to programming and his status. For the following reasons, Brantley's motion (Doc. 56) is **DENIED WITHOUT PREJUDICE.**

The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in District Court. Before the Act, compassionate release was available only upon a motion from the Director of the Bureau of Prisons (BOP). However, the amended statute provides the defendant may move directly for a sentence reduction after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. Once a movant has established that he has fully exhausted his administrative rights, a Court may reduce a term of imprisonment if, after considering the 18 U.S.C. § 3553(a) factors, it finds compelling and extraordinary reasons warrant a reduction and that a reduction is consistent with the "applicable" policy statements. 18 U.S.C. § 3582(c)(1). The policy statements and accompanying application notes provide guidance on the grounds for compassionate release. USSG §1B1.13.

The First Step Act also provides for the application of time credits toward prerelease custody or supervised release for eligible inmates. However, the defendant is ineligible to receive FSA time credits because of his conviction of a 924(c) offense which is specifically excluded from receiving time credits at 18 U.S.C. § 3632(D)(4)(D).

Records maintained by the BOP reflect Brantley's security level classification is low with a low risk for recidivism. He has 291 earned programming hours including GED classes. He is 52 years old and has no medical restrictions. His disciplinary record includes sanctions for being unsanitary or untidy and use of drugs/alcohol. It does not appear the defendant has exhausted administrative remedies.

Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under USSG §1B1.13: (1) medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an usually long sentence. In considering his motion and circumstances, Brantley has not shown any extraordinary and compelling reasons to justify release. While records reflect the defendant availed himself of programming, a defendant's rehabilitation is not, by itself, and extraordinary and compelling reason that may justify a sentence reduction. USSG §1B1.13(d).

The Court finds Brantley's motion untimely as he has failed to exhaust all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of his request by the warden of the defendant's facility. Further, the Court finds Brantley has failed to provide extraordinary and compelling reasons to warrant relief.

Accordingly, his motion (Doc. 56) is **DENIED WITHOUT PREJUDICE**.

So ordered this **9** day of **June** , 2026.



_____

C. ASHLEY ROYAL
SENIOR U.S. DISTRICT JUDGE